UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RENEE BISHOP-MCKEAN,

    Plaintiff,

v.

WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

CASE NO. 3:20-CV-5416-RBL-DWC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff Renee Bishop-McKean, proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983.[1] Having reviewed and screened Plaintiff's Proposed Complaint under 28 U.S.C. §1915A, the Court declines to serve the Proposed Complaint but provides Plaintiff leave to file an amended pleading by July 24, 2020 to cure the deficiencies identified herein.

---

[1] Plaintiff's Declaration and Application to Procced *In Forma Pauperis* and Written Consent for Payment of Costs by a Prisoner Bringing a Civil Action ("Motion to Proceed IFP") is pending before the Court. Dkt. 6. As it is unclear if Plaintiff can cure the deficiencies of the Proposed Complaint, the Court declines to rule on the Motion to Procced IFP until Plaintiff responds to this Order to Show Cause or Amend.

ORDER TO SHOW CAUSE OR AMEND - 1

## I. Background

Plaintiff, who is housed at the Washington Corrections Center for Women, appears to be alleging Defendants acted with deliberate indifference to her serious medical need. *See* Dkt. 1-1, p. 3. She seeks monetary compensation and injunctive relief. *Id.* at p. 4.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

Here, Plaintiff filed a 119-page Proposed Complaint. Dkt. 1-1. Plaintiff did not file a short and plain statement of a claim. Instead, Plaintiff filed multiple documents, including Department of Corrections ("DOC") grievances and medical records. *See* Dkt. 1-1. These documents include medical records related to Plaintiff's neck fusion and a subsequent infection. *See id.* While these documents may serve as evidentiary exhibits in support of Plaintiff's allegations, they are not a substitute for a well-pled complaint. Further, Plaintiff did not state how Defendants' actions violated her constitutional rights.

Because "the Court cannot glean what claims for relief might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, 2005 WL 1335220, at *1 (E.D. Cal. May 4, 2005), Plaintiff is ordered to file an amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order.

### III.   Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, the Court will not serve Plaintiff's Proposed Complaint. If Plaintiff intends to pursue this § 1983 civil rights action, she must file an amended complaint and within the amended complaint, she must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement.

As stated above, any attachments are evidentiary exhibits in support of Plaintiff's allegations, not a substitute for a complaint. Therefore, Plaintiff is directed to include all allegations and relevant facts in the body of the amended complaint.

1  The Court will screen the amended complaint to determine whether it contains factual

2 allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not

3 authorize service of the amended complaint on any defendant who is not specifically linked to a

4 violation of Plaintiff's rights.

5  If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised

6 herein on or before July 24, 2020, the undersigned will recommend dismissal of this action.

7  The Clerk is directed to:

8  1. Send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights

9  complaint and for service;

10  2. Send copies of this Order and Pro Se Instruction Sheet to Plaintiff;

11  3. Re-note the Motion to Proceed IFP (Dkt. 6) for July 24, 2020.

12  Dated this 24th day of June, 2020.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge