UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RENEE BISHOP-MCKEAN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON DEPARTMENT OF<br>CORRECTIONS, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 3:20-CV-5416-JLR-DWC<br><br>ORDER TO SHOW CAUSE OR AMEND |

Plaintiff Renee Bishop-McKean, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Second Amended Complaint under 28 U.S.C. §1915A, the Court declines to serve the Second Amended Complaint but provides Plaintiff leave to file an amended pleading by October 23, 2020 to cure the deficiencies identified herein.

**I.　　Background**

Plaintiff, who is housed at the Washington Corrections Center for Women (WCCW), alleges the Washington State Department of Corrections ("DOC") and WCCW acted with deliberate indifference to her serious medical needs when they failed to provide adequate medical treatment for a back surgery and subsequent infection. Dkt. 14.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

While Plaintiff has now provided a short, plain statement of her allegations, Plaintiff's Second Amended Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

### A. Improper Defendants

Plaintiff names only the DOC and WCCW as Defendants in this action. *See* Dkt. 14. The DOC and WCCW are not a proper defendants. Section 1983 applies to the actions of "persons" acting under the color of state law. "Neither states, nor entities that are arms of the state, are 'persons' for purposes of § 1983." *Johnson v. Washington*, 2019 WL 5223048, at *1 (W.D. Wash. Sept. 17, 2019), *report and recommendation adopted*, 2019 WL 5213116 (W.D. Wash. Oct. 16, 2019); *see also Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, the DOC and WCCW, as arms of the state, cannot be sued under § 1983. As Plaintiff has not named a proper defendant in this action, her claims fail as a matter of law.

B.  <u>Failure to State a Claim</u>

Furthermore, Plaintiff has failed to state a claim upon which relief can be granted. In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) she suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the Second Amended Complaint, Plaintiff fails to state the alleged wrong-doing of any individual who is acting under color of state law. *See* Dkt. 14. Moreover, Plaintiff's statements are too conclusory to sufficiently show deliberate indifference. As Plaintiff has not shown she suffered a violation of her constitutional rights that was caused by a person acting under color of state law, she has failed to state a claim upon which relief can be granted.

**III.    Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve Plaintiff's Second Amended Complaint. If Plaintiff intends to pursue this § 1983 civil rights action, she must file an amended complaint and within the amended complaint, she must write **one short, plain statement** telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the

ORDER TO SHOW CAUSE OR AMEND - 3

person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement.

As previously stated, any documents attached to the amended complaint are evidentiary exhibits in support of Plaintiff's allegations, not a substitute for a complaint. Therefore, Plaintiff is directed to include all allegations and relevant facts in the body of the amended complaint.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before October 23, 2020, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff a copy of this Order and the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 21st day of September, 2020.

David W. Christel
United States Magistrate Judge