UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RENEE BISHOP-MCKEAN,

                    Plaintiff,

        v.

WASHINGTON DEPARTMENT OF
CORRECTIONS, et al.,

                    Defendant.

CASE NO. 3:20-CV-5416-JLR-DWC

ORDER ON MISCELLANEOUS
MOTIONS

Plaintiff Renee Bishop-McKean, proceeding *pro se* and *in forma pauperis* ("IFP"),
initiated this civil rights action pursuant to 42 U.S.C. § 1983. *See* Dkt. 1-1. Plaintiff has filed a
Letter requesting a copy of all documents and court-appointed counsel. Dkt. 20. She also
requests the Court stop deductions for the filing fee. *Id*. Additionally, Plaintiff filed an
Application for Court Appointed Counsel ("Motion for Counsel"). Dkt. 21. After consideration
of the record, the Letter (Dkt. 20) and the Motion for Counsel (Dkt. 21) are denied.

I.      **Request for Copies (Dkt. 20)**

        In the Letter, Plaintiff requests copies of all documents she has filed with the Court,
including her Third Amended Complaint. Dkt. 20. To receive copies from the Court, the

1  requesting party must pay $ 0.50 per page. Further, Plaintiff was warned that any document she

2  submits to the Court "will become part of the [C]ourt record and *will not be returned to [her]*."

3  Dkt. 7-1, p. 2; 17, p. 2 (emphasis in original). As Plaintiff has not provided the necessary

4  payment, her request for copies of all documents she has filed with the Court is denied.

5        **II.**        **Request to Stop Payment of Filing Fee (Dkt. 20)**

6         On May 29, 2020, Plaintiff filed a Declaration and Application to Proceed *In Forma*

7  *Pauperis* and Written Consent for Payment of Costs by a Prisoner Bringing a Civil Action

8  ("Application to Proceed IFP"). Dkt. 6. The Court granted Plaintiff IFP status on August 17,

9  2020 and directed the agency having custody over Plaintiff to begin deductions of the filing fee

10  from her prison account. Dkt. 12. In the Letter, Plaintiff states she is indigent and contests the

11  filing fee deductions. Dkt. 20.

12         28 U.S.C. § 1915(a)(1) allows the district court to waive the filing fee, for most

13  individuals unable to afford it, by granting IFP status. *Andrews v. Cervantes*, 493 F.3d 1047,

14  1051 (9th Cir. 2007). The Prison Litigation Reform Act ("PLRA"), however, altered the IFP

15  provisions for prisoners. *See Abdul–Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en

16  banc). Although indigent prisoners are granted IFP status if they meet the prerequisites, §1915(b)

17  provides that prisoners proceeding IFP must pay the filing fee as funds become available in their

18  prison accounts. *Andrews*, 493 F.3d at 1052. Plaintiff is incarcerated and proceeding IFP; thus,

19  under the PLRA, she must pay portions of the filing fee as funds become available in her prison

20  trust account. Therefore, Plaintiff's request to stop the filing fee from being deducted from her

21  account is denied.

22

23

24

### III.     Motion for Counsel (Dkt. 20, 21)

In both the Letter and the Motion for Counsel, Plaintiff requests the Court appoint counsel to represent her in this case. Dkt. 20, 21. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing she has an insufficient grasp of her case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motion for Counsel, Plaintiff states she is unable to afford counsel and is incarcerated, which limits her ability to litigate this case. Dkt. 21. She also states this case will involve conflicting testimony and counsel would enable Plaintiff to better present evidence and ensure a fair trial. *Id.* Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual basis of her claims in a fashion understandable to the Court, nor has she shown she is likely to succeed on the merits of this case. Additionally, "Plaintiff's incarceration and limited access to legal materials are not

1  exceptional factors constituting exceptional circumstances that warrant the appointment of

2  counsel. Rather, they are the type of difficulties encountered by many *pro se* litigants." *Dancer v.*

3  *Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). As such, the Court finds Plaintiff has

4  failed to show the appointment of counsel is appropriate at this time. Therefore, Plaintiff's

5  request for counsel (Dkt. 20, 21) is denied.

6  **IV.    Conclusion**

7  For the above stated reasons, Plaintiff's Letter (Dkt. 20) and Motion for Counsel (Dkt.

8  21) are denied. The Court declines to provide Plaintiff with copies of documents filed in this

9  case, waive the filing fee, or appoint counsel in this case.

10  Dated this 1st day of December, 2020.

11

12  _____

13  David W. Christel
United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MISCELLANEOUS MOTIONS - 4