UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RENEE BISHOP-MCKEAN,

Plaintiff,

v.

WASHINGTON DEPARTMENT OF
CORRECTIONS, et al.,

Defendants.

CASE NO. 3:20-CV-5416-JLR-DWC

REPORT AND RECOMMENDATION

Noting Date: March 5, 2021

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is Defendants Department of Corrections ("DOC") and Washington Corrections Center for Women ("WCCW")'s Motion to Dismiss ("Motion"). Dkt. 32.

The Court finds Plaintiff has failed to state a claim upon which relief can be granted in the Third Amended Complaint (hereinafter "Complaint") against DOC and WCCW. Therefore, the Court recommends the Motion (Dkt. 32) be granted and Defendants DOC and WCCW be dismissed from this matter with prejudice and without leave to amend.

## I.     Background

Plaintiff, who is housed at WCCW, alleges several DOC employees failed to provide adequate medical treatment for a neck injury and subsequent infection. Dkt. 17.

On June 24, 2020, the Court screened Plaintiff's Original Complaint and found it was deficient. *See* Dkt. 7. The Court ordered Plaintiff to correct the deficiencies by July 24, 2020. *Id.* On July 22, 2020, Plaintiff filed her Amended Complaint. Dkt. 10. The Court screened the Amended Complaint and determined Plaintiff had failed to state a claim for which relief could be granted. Dkt. 13. The Court notified Plaintiff of the deficiencies in the Amended Complaint and directed Plaintiff to file a second amended complaint on or before September 18, 2020. *Id.* On September 11, 2020, Plaintiff filed the Second Amended Complaint. Dkt. 14. After screening the Second Amended Complaint, the Court again notified Plaintiff of the deficiencies and directed her to file a third amended complaint on or before October 23, 2020. Dkt. 16. On October 16, 2020, Plaintiff filed her Third Amended Complaint, and on November 2, 2020, the Court directed service. Dkt. 17, 18. On January 4, 2021, Defendants Boyce, Colter, Suarez, and Wofford filed an Answer. Dkt. 31. On January 6, 2021, the Court entered the Pretrial Scheduling Order. Dkt. 34.

Defendants DOC and WCCW filed their Motion on January 4, 2021. Dkt. 32. Plaintiff did not file a response.

## II.     Discussion

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

Plaintiff names DOC and WCCW as Defendants. Dkt. 17. Section 1983 applies to the actions of "persons" acting under the color of state law. DOC and WCCW, as arms of the state of Washington, are not a "person" for purposes of a § 1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the State of Washington has waived its Eleventh Amendment immunity in federal courts. Thus, DOC and WCCW are state agencies which cannot be sued under §1983. Therefore, the Court recommends the Motion (Dkt. 32) be granted and recommends Defendants DOC and WCCW be dismissed. The Court recommends this matter proceed against the remaining Defendants Boyce, Bolter, Suarez, and Wofford.[1]

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The Court finds Plaintiff has failed to allege facts sufficient to show DOC and WCCW are liable under § 1983. The Court finds Plaintiff cannot overcome the deficiencies of her claims against DOC and WCCW.  Further, the Court previously notified Plaintiff that DOC and WCCW are not "persons" acting under color of state law. *See* Dkt. 16. As Plaintiff has been given leave to amend and has been instructed regarding the deficiencies of her claims against DOC and WCCW, the Court recommends Plaintiff not be given leave to again amend the claims against

---

[1] Defendant Dunlap has not been served and is not represented in this matter at this time. Dkt. 29, 35. On January 13, 2021, the Court ordered Plaintiff to provide Defendant Dunlap's complete mailing address on or before February 12, 2021, so the Court could again attempt service by mail. Dkt. 35. As of the date of this Order, Plaintiff has not filed a response. *See* Dkt.

DOC and WCCW, and these two Defendants should be dismissed with prejudice. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 5, 2021, as noted in the caption.

Dated this 10th day of February, 2021.

David W. Christel
United States Magistrate Judge