UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RENEE BISHOP-MCKEAN,<br><br>            Plaintiff,<br><br>    v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>            Defendant. | CASE NO. 3:20-CV-5416-JLR-DWC<br><br>ORDER |

The District Court referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Before the Court are several motions filed by Plaintiff: (1) First Motion to Appoint Counsel (Dkt. 40); (2) Second Motion to Appoint Counsel (Dkt. 42); Motion to Serve (Dkt. 43); and (4) Motion for Leave to File Amended Complaint (Dkt. 45).

1. First and Second Motions to Appoint Counsel (Dkt. 40, 42)

Plaintiff filed two Motions to Appoint Counsel. Dkt. 40, 42. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995)

ORDER - 1

1  ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in
2  "exceptional circumstances," a district court may appoint counsel for indigent civil litigants
3  pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d
4  1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide
5  whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success
6  on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
7  complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.
8  1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead
9  facts showing he has an insufficient grasp of his case or the legal issues involved and an
10 inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of
11 America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

12      In Plaintiff's Motions, she states she is unable to afford counsel, imprisonment affects her
13 ability to litigate, the issues are complex, and she has limited access to the law library. Dkt. 40,
14 42. At this time, Plaintiff has not shown, nor does the Court find, this case involves complex
15 facts or law. Plaintiff has also not shown she is likely to succeed on the merits of his case or
16 shown an inability to articulate the factual basis of his claims in a fashion understandable to the
17 Court. The Court also notes "Plaintiff's incarceration and limited access to legal materials are not
18 exceptional factors constituting exceptional circumstances that warrant the appointment of
19 counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v.
20 Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009).

21      With respect to Plaintiff's allegations she is physically disabled and unable to "log, file,
22 type, etc[,]" the record reflects Plaintiff has been able to capably litigate this case including filing
23 multiple coherent and typed pleadings. For example, in her Second Motion, Plaintiff filed a
24

ORDER - 2

1  three-page typed motion, a three-page typed declaration in support, a 7-page typed memorandum

2  of law in support of the motion, and various exhibits. *See* Dkt. 42; *See also* Dkt. 17 (Third

3  Amended Complaint); *Velasquez v. Univ. Med. Ctr.,* 2008 WL 594721, at *1 (E.D. Cal. Feb. 15,

4  2008) (finding no exceptional circumstances warranting the appointment of counsel when the

5  plaintiff alleged mental and physical disabilities).

6  Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is

7  appropriate at this time. Accordingly, Plaintiff's Motions (Dkt. 40, 42) are denied without

8  prejudice.

9      2.   <u>Motion to Serve (Dkt. 43)</u>

10  On March 10, 2021, Plaintiff filed the Motion to Serve requesting the Court to serve

11  Defendant Dunlap. Dkt. 43. On March 15, 2021, the Honorable James L. Robart, the District

12  Judge assigned to this case, granted Plaintiff's Motion to Amend stating Plaintiff was granted

13  leave to amend for the purpose of removing several Defendants, including Defendant Dunlap.

14  Dkt. 44. Accordingly, Plaintiff's Motion to Serve (Dkt. 43) is denied as moot as Plaintiff has

15  already sought and received an order allowing her to amend her Third Amended Complaint to

16  remove Defendant Dunlap.

17      3.   <u>Motion for Leave to File Amended Complaint (Dkt. 45)</u>

18  On March 18, 2021, Plaintiff filed the Motion for Leave to File Amended Complaint

19  requesting the Court allow her to file an amended complaint to remove two defendants, the

20  Department of Corrections ("DOC") and Washington Corrections Center for Women

21  ("WCCW"). Dkt. 45. As noted above, District Judge Robart granted Plaintiff leave to amend her

22  Third Amended Complaint, which is due on or before March 29, 2021. Thus, Plaintiff's Motion

23

24

for Leave to File an Amended Complaint (Dkt. 45) is denied as moot. Plaintiff has not sought an extension and does not find good cause for extending the March 29, 2021 deadline at this time.

Dated this 25th day of March, 2021.

*/s/ David W. Christel*

David W. Christel
United States Magistrate Judge