UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RENEE BISHOP-MCKEAN,

           Plaintiff,

   v.

WASHINGTON DEPARTMENT OF CORRECTIONS et al.,

           Defendants.

CASE NO. 3:20-CV-05416-JLR-DWC

ORDER VACATING ORDER DENYING MOTION TO SERVE AS MOOT (DKT. 48) AND DIRECTING SERVICE OF COMPLAINT

ADDRESS UNDER SEAL

Before the Court is Plaintiff's Reply/Opposition to Plaintiff's Motion to Serve (hereinafter "Reply"). Dkt. 49. Plaintiff requests the Court serve Defendant Dunlap at an address provided by Plaintiff. *See id.*

Plaintiff, proceeding *pro se,* filed her Third Amended Complaint (hereinafter "Complaint") on October 16, 2020.1 Dkt. 17. On November 2, 2020, the Court directed service of Plaintiff's Complaint on the named Defendants. Dkt. 18. On January 4, 2021, counsel for Defendants Bolter, Boyce, Suarez, Wofford, Washington Corrections Center for Women

ORDER - 1

("WCC"), and Washington Department of Corrections ("DOC") filed an Answer. Dkt. 31. The same day, counsel for Defendants entered a Notice of Non-Representation of Megan Dunlap. Dkt. 29. Counsel states Defendant Dunlap no longer works for the Washington DOC. Dkt. 29. Counsel states service documents were mailed to Defendant Dunlap's last known address but were returned with a note indicating she no longer resides there. Dkt. 29.

On January 13, 2021, the Court directed Plaintiff to provide Defendant Dunlap's complete address on or before February 12, 2021, so the Court could attempt service by mail. Dkt. 35. On March 16, 2021, Plaintiff filed Objections to the undersigned's Report and Recommendation (Dkt. 36)[1] and a Motion for Leave to File an Amended Complaint, requesting, in part, that she be allowed leave to amend to remove Defendant Dunlap from this matter as she was unable to obtain her mailing address. Dkt. 38.

On March 10, 2021, Plaintiff filed the Motion to Serve requesting the Court serve Defendant Dunlap. Dkt. 43. On March 15, 2021, the Honorable James L. Robart, the District Judge assigned to this matter, adopted the undersigned's Report and Recommendation and granted Plaintiff leave to amend her complaint within fourteen days to remove Defendant Dunlap. Dkt. 36, 44, 48. On March 25, 2021, the Court denied Plaintiff's Motion to Serve Defendant Dunlap as moot as Plaintiff had already sought and received an order allowing her to amend her Third Amended Complaint to remove Defendant Dunlap. Dkt. 48.

In the Reply, Plaintiff states she has now obtained Defendant Dunlap's address, and she no longer wishes to amend her complaint to remove Defendant Dunlap.[2] Dkt. 49. Plaintiff states it was never her intention to remove Defendant Dunlap, this was an error on her part. *Id.* Plaintiff

---

[1] The Report and Recommendation and Order Adopting also dismissed Defendants DOC and WCCW from this matter. Dkt. 36, 38, 45. That Order remains in full force and effect.

[2] The Reply was filed on March 26, 2021, but not entered on the docket until March 29, 2021. Dkt. 49.

ORDER - 2

has not filed a Fourth Amended Complaint *See* Dkt. In addition, Defendant Dunlap has not been served and is not represented in this matter at this time. *See* Dkt.

After reviewing the Reply and the relevant record, the Court vacates the portion of the Court's Order which denied the Motion to Serve as moot (Dkt. 48).  All remaining portions of the Order (Dkt. 48) remain in full force and effect. The Clerk's Office is now directed to serve Defendant Dunlap at the address provided by Plaintiff in the Motion to Serve (Dkt. 43). The Clerk's Office is also directed to seal the Motion to Serve (Dkt. 43) as the Motion contains personally identifying information related to Defendant Dunlap's address and contact information.

Accordingly, it is **ORDERED:**

(1) <u>Service by Clerk</u>

The Clerk is directed to send the following to Defendant Dunlap by first class mail: a copy of plaintiff's Third Amended Complaint, a copy of this Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's Office.

(2) <u>Response Required</u>

Defendant shall have **thirty (30) days** within which to return the enclosed waiver of service of summons.  A defendant who timely returns a signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

A defendant who fails to timely return a signed waiver will be personally served with a summons and complaint and may be required to pay the full costs of such service, pursuant to

Rule 4(d)(2).  A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **thirty (30) days** after service.

   (3) <u>Filing and Service by Parties, Generally</u>

  All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system.  Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF.  Plaintiff shall file all documents electronically.  All filings must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed.

  Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying matter.  Plaintiffs shall indicate the date the document is submitted for e-filing as the date of service.

   (4) <u>Non-State Defendants</u>

  As a registered user of the Court's electronic filing system, you must accept electronic service of all court filings (**except** original service of a complaint) by prisoner litigants housed at facilities actively engaged in the Prisoner E-Filing Initiative.  Prisoner litigants incarcerated at facilities actively engaged in the Prisoner E-Filing Initiative are no longer required to serve their court filings on the Court or defendants by mail.  Service by mail of your court filings to prison litigants housed in facilities actively engaged in the Prisoner E-Filing Initiative is also no longer required.

   (5) <u>Motions</u>

  Any request for court action shall be set forth in a motion, properly filed and served.  Pursuant to Local Civil Rule 7(b), any argument being offered in support of a motion shall be submitted as a part of the motion itself and not in a separate document.  The motion shall include

in its caption (immediately below the title of the motion) a designation of the date the motion is to be noted for consideration upon the court's motion calendar.

Stipulated and agreed motions, motions to file overlength motions or briefs, motions for reconsideration, joint submissions pursuant to the option procedure established in Local Civil Rule 37(a)(2), motions for default, requests for the clerk to enter default judgment, and motions for the court to enter default judgment where the opposing party has not appeared shall be noted for consideration on the day they are filed. *See* Local Civil Rule 7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than the third Friday following filing and service of the motion. *See* Local Civil Rule 7(d)(3). All dispositive motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion. *See id.*

For electronic filers, all briefs and affidavits in opposition to either a dispositive or non-dispositive motion shall be filed and served not later than 11:59 p.m. on the Monday immediately preceding the date designated for consideration of the motion.

The party making the motion may electronically file and serve not later than 11:59 p.m. on the date designated for consideration of the motion, a reply to the opposing party's briefs and affidavits.

(6)   <u>Motions to Dismiss and Motions for Summary Judgment</u>

Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules. As noted above, these motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

Defendants filing motions to dismiss based on a failure to exhaust or motions for summary judge are advised that they MUST serve a *Rand* notice concurrently with motions to dismiss based on a failure to exhaust and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

Defendants who fail to file and serve the required *Rand* notice on plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

(7)   <u>Direct Communications with District Judge or Magistrate Judge</u>

No direct communication is to take place with the District Judge or Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

(8)   <u>Clerk's Action</u>

ORDER - 6

The Clerk is directed to send copies of this Order to plaintiff and counsel for defendants. The Clerk shall ensure that the address of defendant Dunlap served by this Order shall remain **UNDER SEAL FOR THE COURT'S EYES ONLY**.

Dated this 7th day of April, 2021.

David W. Christel
United States Magistrate Judge