UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RENEE BISHOP-MCKEAN,<br><br>        Plaintiff,<br><br>    v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>        Defendants. | CASE NO. 3:20-CV-5416-JLR-DWC<br><br>ORDER |

       The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Before the Court are several Motions: (1) Plaintiff's Third Motion to Appoint Counsel (Dkt. 52); (2) Plaintiff's Motion for Order Directing Clerk to Set up Depositions (Dkt. 59); and (3) Plaintiff's Motion for Extension of Time (Dkt. 61).

       Also pending are Plaintiff's (1) Defendants' Motion to Amend Answer (Dkt. 64); (2) Motion to Compel Discovery (Dkt. 65) and (3) Plaintiff's Motion to Amend Third Amended

ORDER - 1

Complaint and Response to Motion to Amend Answer to Amended Complaint[1] (Dkt. 69) which are currently noted for the Court's consideration on June 18, 2021 (Motion to Amend Answer and Response) and June 25, 2021 (Motion to Compel Discovery and Motion to Amend Third Amended Complaint) and will be addressed in a separate order.[2]

**1. Plaintiff's Third Motion to Appoint Counsel (Dkt. 52)**

Plaintiff moves for the appointment of counsel a third time. Dkt. 52. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an

---

[1] Included in Plaintiff's Motion to Amend the Third Amended Complaint is her Response to Defendants' Motion to Amend the Answer. Dkt. 69. In addition, Plaintiff filed a pleading entitled "Exhibits in Support of Motion to Amend the Third Amended Complaint and Response to Motion to Amend Answer and Amended Complaint". Dkt. 70.

[2] Plaintiff also filed a Memorandum of Law and Declaration with Exhibits in Support of a Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. 71. However, the Court notes no Motion for Temporary Restraining Order or Preliminary Injunction was received along with the Memorandum. Therefore, without a proper motion before the Court, the Court will not take any action on the aforementioned filings at this time.

inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In Plaintiff's Third Motion to Appoint Counsel, she states appointed counsel is necessary because she is unable to afford counsel, her imprisonment greatly limits her ability to litigate, the issues are complex, a trial will involve multiple witnesses, she has not been able to obtain her own attorney, and she is physically disabled and has two neck surgeries. Dkt. 52.

Plaintiff has not identified any new information which warrants the appointment of counsel. At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. *See* Plaintiff has also not shown an inability to articulate the factual basis of her claims in a fashion understandable to the Court or shown she is likely to succeed on the merits of his case. The Court notes Plaintiff has adequately articulated his claims in the Third Amended Complaint and has filed several additional motions and responses which were understandable to the Court. *See e.g.* Dkt. 17, 20, 21, 22, 43 (sealed), 52, 53, 54, 58, 59, 61, 62.

In her Reply, Plaintiff alleges the law library is open two days per week, and she waits one week for envelopes and paper from the prison's canteen. Dkt. 58. However, "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009).

With respect to Plaintiff's allegations she is physically disabled and unable to "log, file, type, etc[,]" the record reflects Plaintiff has been able to capably litigate this case including filing multiple coherent and typed pleadings. For example, in her Third Motion to Appoint Counsel, Plaintiff filed a typed motion, a typed memorandum in support, and two typed declarations. *See*

Dkt. 52, 53, 54. *See also* Dkt. 48 (citing *Velasquez v. Univ. Med. Ctr.,* 2008 WL 594721, at *1 (E.D. Cal. Feb. 15, 2008) (finding no exceptional circumstances warranting the appointment of counsel when the plaintiff alleged mental and physical disabilities).

Accordingly, Plaintiff's Third Motion to Appoint Counsel (Dkt. 52) is denied without prejudice. The Court may deny any future duplicative motions without comment.

**2. Plaintiff's Motion for Order Directing Clerk to Set up Depositions (Dkt. 59)**

Plaintiff moves for the Court to set up depositions because she has no funds or a recorder. Dkt. 59. The *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize payment of an indigent litigant's general litigation expenses such as payment for discovery costs, copying evidence or other documents, or witness fees and expenses. *See Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989);*Matthews v. Puckett*, 2016 WL 6872933, at *1 (9th Cir. Nov. 22, 2016) (*pro se* state prisoner proceeding *in forma pauperis* must bear his own discovery costs). Accordingly, Plaintiff's Motion for Order Directing Clerk to Set up Depositions (Dkt. 59) is denied.

**3. Plaintiff's Motion for Extension of Time (Dkt. 61)**

Plaintiff moves for an extension, but it is not clear which deadline she seeks relief from, and she has not requested any specific amount of time she needs to prosecute her case. Dkt. 61. The pending deadlines in this case are set out in the Court's Pretrial Scheduling Order. *See* Dkt. 34. Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause and with the judge's consent.

With respect to the deadline for discovery responses (June 7, 2021), Plaintiff has recently served additional discovery responses to the newly named Megan Meidinger (formerly Megan Dunlap), and Defendants state they will endeavor to timely respond to the requests as a courtesy.

Dkt. 68. Aside from responding to those discovery requests, Defendants oppose any additional extension of the deadline for additional discovery. *See id.* Based on Defendants agreement to respond to Plaintiff's discovery requests related to the newly named Megan Meidinger, the Court extends the deadline to conduct discovery to June 21, 2021. The Pretrial Scheduling Order (Dkt. 34) is amended only as to the deadlines for the completion of discovery. All other portions of the Pretrial Scheduling Order remain in full force and effect.

There are two remaining pretrial deadlines: (1) the June 21, 2021 deadline to file a motion to compel and (2) the July 5, 2021 dispositive motions deadline, Dkt. 34. Defendants state they have no objection to a short continuance for motion to compel deadline, but Plaintiff has already filed a motion to compel, and therefore, there is no need for the deadline to be extended at this time. *See* Dkt. 65 (Motion to Compel); Dkt. 68.  Dkt. 34. As to the dispositive motion deadline, Defendants have not yet filed a dispositive motion and Plaintiff has not indicated she intends to bring her own dispositive motion. *See* Dkt. 61.

Without any additional information and because Plaintiff's requests are unclear and unspecific, and the remainder of Plaintiff's Motion for Extension is denied without prejudice as premature.  If Plaintiff needs additional time to conduct discovery, to file a motion to compel, to file a dispositive motion, or to respond to a dispositive motion after Defendants file such a motion, she may file a renewed motion for extension indicating how much time she needs for an extension, the reason for the requested extension, and what deadline she seeks relief from.

Dated this 15th day of June, 2021.

David W. Christel
United States Magistrate Judge

ORDER - 5