UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RENEE BISHOP-MCKEAN,

    Plaintiff,

v.

WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

CASE NO. 3:20-CV-5416-JLR-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. There are a number of Motions currently pending before the Court: (1) Defendants' Motion to Amend Answer to Amended Complaint (Dkt. 64); (2) Plaintiff's Motion to Compel Discovery (Dkt. 65); (3) Plaintiff's Motion to Amend Third Amended Complaint and Response to Motion to Amend Answer (Dkt. 69); (4) Plaintiff's Duplicative Motion to Amend Third Amended Complaint and Reply to Order Granting Defendants' Motion for Leave to

Amend Answer (Dkt. 75); (5) Defendants' Motion for Summary Judgment (Dkt. 83); and (6) Plaintiff's Motion for Rule 56(f) Continuance (Dkt. 86).[1]

### 1. **Plaintiff's Motion to Compel (Dkt. 65)**

Plaintiff moves for the Court to compel Defendants to provide copies of requested documents and fully answer interrogatories. Dkt. 65. Plaintiff moves for "copies of the documents requested," and "to answer fully the interrogatories" that she has attached to her Motion to Compel. Dkt. 65 at 1-2 (citing Exhibit 4). Plaintiff further contends Defendants have "failed to have all Defendants answer their interrogatories, specifically Warden Deborah J. Wofford and Nurse Megan Dunlap." Dkt. 65 at 2. Plaintiff argues Defendants Wofford and Dunlap failed to respond to Plaintiff's request for documents. Dkt. 65 at 3 (citing Exhibit 2). With respect to her requests for admission, Plaintiff alleges Defendants "cherry picked numbers 50-70 to answer and failed to answer 1-49." Dkt. 65 at 4 (citing Exhibit 7). Plaintiff also asserts *all* answers to her discovery requests were "evasive" and "ambiguous," and Plaintiff requests the responses be deemed "unacceptable." Dkt. 65 at 5. Plaintiff alleges Defendants' objections are identical, which proves "little to no investigation took place." Dkt. 65 at 6. Plaintiff requests the incomplete and evasive answers be deemed admitted. Dkt. 65 at 8.

Plaintiff submitted numerous requests for admission, requests for production of documents, and interrogatories. *See* Dkt. 65, 78. The majority of the discovery requests were not directed at any particular Defendant. *See* Dkt. 78. On June 3, 2021, the parties participated in a telephonic conference to discuss discovery. Dkt. 78. Plaintiff did not explain what specifically was deficient with Defendants' discovery responses but stated she had rewritten them to make

---

[1] On July 15, 2021, Plaintiff filed a Declaration and Memorandum in Support of Order to Show Cause and Motion for Preliminary Injunction and Temporary Restraining Order, but she did not file a Motion for Preliminary Injunction and Temporary Restraining Order to link the filings to. Dkt. 87, 88.

them clearer. *See id.* Counsel for Defendants agreed to review the new materials to see if they could determine what was deficient about their prior responses. *Id.* The same day, Defendants received additional documents with numerous additional requests for production, interrogatories, and requests for admission. *Id.* Plaintiff filed her Motion to Compel the next day, on June 4, 2021. *See* Dkt. 65.

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37. The movant must show he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. *Id.*

As the moving party, Plaintiff bears the burden of informing the court of (1) which discovery requests are the subject of her Motion to Compel, (2) which of Defendants' responses are disputed, (3) why she believes Defendants' responses are deficient, (4) why Defendants' objections are not justified, and (5) why the information she seeks through discovery is relevant to the prosecution of this action. *See, e.g., Brooks v. Alameida*, 2009 WL 331358 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion"); *Ellis v. Cambra*, 2008 WL 860523 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to

compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

In Plaintiff's Motion to Compel, she does not address Defendants' specific responses, but rather, expresses her general disagreement. *See* Dkt. 65. Plaintiff fails to specifically explain how or why Defendants' responses to her discovery requests are inadequate. Because Plaintiff has failed to reference any particular discovery request or response thereto, the Court declines to evaluate the merits of Plaintiff's Motion to Compel at this time. *See, Brooks,* 2009 WL 331358; *Ellis,* 2008 WL 860523.

Furthermore, Plaintiff filed the Motion to Compel just one day after the discovery conference, and Plaintiff did not afford Defendants any real opportunity to address or cure the deficiencies in their prior discovery responses. Thus, Plaintiff has not given any indication that she attempted to meet and confer and resolve the discovery disputes prior to filing the instant Motion to Compel. The Motion to Compel is denied without prejudice as premature.

However, the parties are further ordered to meet and confer within 14 days of the date of this Order. Plaintiff may file a renewed Motion to Compel only if the parties are unable to reach an agreement after making a good faith effort to meet and confer on any outstanding issues.

To the extent Plaintiff disputes she has not received the requested documents and requests Defendants pay the costs associated with producing discovery documents, *see* Dkt. 65 at 7, Federal Rule of Civil Procedure 34(a)(1) requires the party upon whom the discovery request was served "to produce and permit the requesting party or its representative to inspect, copy, test or sample ..." the items that are deemed responsive to his request. Nothing in Rule 34 requires the producing party to bear the costs associated with the production. The costs of discovery should be borne by the party requesting discovery and it is not Defendants' responsibility to

provide Plaintiff with the resources necessary for her to litigate this case at Defendants' expense. *See Lewis v. Casey*, 518 U.S. 343, 384 (1996) (an inmate's constitutional right of access to the courts does not impose "an affirmative obligation on the states to finance and support prisoner litigation"); *Manley v. Zimmer*, 2013 WL 5978021, *3-4 (D. Nev. Nov. 8, 2013) (finding the expenses for the plaintiff's discovery should be borne by the plaintiff, and not the responsibility of the defendants). Moreover, Defendants offered to provide up to 25 pages of documents free of charge, or Plaintiff could have the discovery sent to her representative outside of the prison on a compact disc. Dkt. 77, 78. However, Plaintiff has not identified which documents/records she wishes to obtain free of charge. Dkt. 77, 78. In addition, Plaintiff has access to her medical record. *See id.* Defendants' production and alternative options comport with the requirements of Rule 34. Therefore, Plaintiff's request is denied.

Furthermore, although the Court granted plaintiff's application to proceed *in forma pauperis,* (Dkt. 12), the *in forma pauperis* statute, 28 U.S.C. § 1915, only waives the filing fee for an indigent prisoner's civil rights complaint, and it does not require the Court to order financing of the entire action or waiver of fees or expenses for discovery. *Hadsell v. Comm'r Internal Revenue Serv.,* 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir. 1993); *Tedder v. Odel,* 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam). Thus, Plaintiff is financially responsible for all other costs of litigation including the cost of obtaining discovery documents.

**2. Motions to Amend (Dkt. 69, 75)**

1    Plaintiff moves for the Court to amend her Third Amended Complaint and file a fourth
2    amended complaint. Dkt. 69, 75 (Plaintiff submitted the same Motion twice).[2] Plaintiff seeks to
3    add an access to courts claim. *See id.*

4    However, Plaintiff did not include a copy of the proposed fourth amended complaint as
5    required by Local Rules, W. D. Wash. LCR 15. Accordingly, Defendants were unable to
6    substantively respond to Plaintiff's request. *See* Dkt. 79. Further, Defendants oppose amendment
7    because it is futile as Plaintiff has failed to allege personal participation. *See id.* In her Reply
8    filed on July 1, 2021, Plaintiff outlined the newly alleged access to courts claims and provided
9    various exhibits in support of this claim, *see* Dkt. 82 at 8-9. However, Plaintiff cannot
10   supplement her Third Amended Complaint. Rather, she must file a proposed fourth amended
11   complaint containing all claims for relief.

12   Plaintiff is directed to file the proposed fourth amended complaint on the form provided
13   by the Court. The proposed fourth amended complaint must be legibly rewritten or retyped in its
14   entirety, it should be an original and not a copy, it should contain the same case number, and it
15   may not incorporate any part of the Third Amended Complaint by reference. The proposed
16   fourth amended complaint would act as a complete substitute for the Third Amended Complaint,
17   and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

18   The Court reminds Plaintiff, under Federal Rule of Civil Procedure 8, a complaint must
19   contain "a short and plain statement of the claim showing the pleader is entitled to relief," and
20   "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e).
21   Within the second amended complaint, Plaintiff must write a short, plain statement telling the

---

[2] For ease of reference, the Court refers to the first filed Motion (Dkt. 69) throughout this Order.

Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff must file her proposed fourth amended complaint by no later than August 14, 2021. Once the proposed fourth amended complaint has been filed, the Court will determine a further briefing schedule so that Defendants are afforded with an opportunity to provide a substantive response to Plaintiff's Motions to Amend. If Plaintiff fails to file the proposed fourth amended complaint by August 14, 2021, the Court will proceed on Plaintiff's Third Amended Complaint.

The Clerk's Office is directed to renote Plaintiff's Motions to Amend (Dkt. 69, 75) for August 14, 2021.

### 3. All Remaining Motions (Dkt. 64, 83, 86)

The Court's decision as to Plaintiff's Motions to Amend (Dkt. 69, 75) will affect the remaining Motions: Defendants' Motion to Amend the Answer (Dkt. 64); Defendants' Motion for Summary Judgment (Dkt. 83) and Plaintiff's Motion for a Rule 56(f) Continuance (Dkt. 86). For example, if Plaintiff's request to file a fourth amended complaint is granted, these remaining Motions will be moot based on the filing of the fourth amended complaint. Therefore, the Court re-notes Defendants' Motion to Amend the Answer (Dkt. 64); Defendants' Motion for Summary Judgment (Dkt. 83); and Plaintiff's Motion for a Rule 56(f) Continuance (Dkt. 86) for consideration along with Plaintiff's Motions to Amend (Dkt. 69, 75) to August 14, 2021.

Dated this 16th day of July, 2021.

David W. Christel
United States Magistrate Judge