UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RENEE BISHOP-MCKEAN,

          Plaintiff,

    v.

WASHINGTON DEPARTMENT OF
CORRECTIONS, et al.,

          Defendants.

CASE NO. 3:20-CV-5416-JLR-DWC

ORDER ON PENDING NON-
DISPOSITIVE MOTIONS AND
DECLINING TO RECONSIDER
APPOINTMENT OF COUNSEL

     The District Court has referred this action filed pursuant to 42 U.S.C. § 1983 to United

States Magistrate Judge David W. Christel. Currently pending before the Court are defendants'

motion to amend their answer (Dkt. 64), plaintiff's motion to amend her complaint (Dkts. 69 and

75[1]) and Plaintiff's motion pursuant to Fed. R. Civ. P. 56(d) for a continuance of defendants'

pending motion for summary judgment (Dkt. 86). Also pending are defendants' motion for

---

    [1] The two motions are duplicative; the Court will refer only to the first-filed motion, Dkt.
69).

1  summary judgment (Dkt. 83) and plaintiff's motion for temporary restraining order (Dkt. 92),

2  which the Court construes as a cross-motion for summary judgment.

3          On September 3, 2021, the Court issued an Order directing defendants to respond to

4  plaintiff's motion to file her proposed Fourth Amended Complaint and requesting the parties'

5  views on whether the interests of justice would be served by appointment of counsel. Dkt. 103.

6  In response, plaintiff has filed a motion to appoint counsel (Dkt. 104) and defendants have filed a

7  response objecting to plaintiff's motion to amend her complaint (Dkt. 107-1[2]) and a response

8  opposing the appointment of counsel (Dkt. 106). Plaintiff has filed replies to both of defendants'

9  submissions. Dkts. 108 and 109.[3]

10         For the reasons discussed below, the Court DENIES plaintiff's motion to file her Fourth

11 Amended Complaint, GRANTS defendants' motion to amend their Answer and DECLINES to

12 reconsider its prior denials of plaintiff's motions for counsel at this time. In light of the new

13 affirmative defense, the Court DENIES the pending motion for summary judgment, cross-motion

14 and motion for continuance as moot and provides defendants leave to re-file a motion for

15 summary judgment after their amended Answer is filed.  Plaintiff may also re-file a motion for

16 summary judgment.

17                    **BACKGROUND AND PROCEDURAL HISTORY**

18         Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis* who is housed at the

19 Washington Corrections center for Women ("WCCW"), filed this action on May 1, 2020. Dkt. 1.

20 After multiple rounds of screening during which the Court found plaintiff's original complaint

21

22         [2] Defendants filed a Praecipe stating their originally filed response (Dkt. 105) contained
23 an error. Dkt. 107. The Court cites only to the corrected version.
           [3] The Court's order requesting briefing sought only one brief per side on each issue and
24 did not provide for replies. Dkt. 103. However, the Court has considered plaintiff's replies.

1    and two subsequent amended complaints to be deficient but granted leave to amend (Dkts. 7, 13,

2    16), plaintiff filed her Third Amended Complaint on October 16, 2020, alleging defendants

3    failed to provide adequate medical treatment for a neck surgery and subsequent infection. Dkt.

4    17. The Court directed service of the Third Amended Complaint on November 2, 2020. Dkt. 18.

5    Defendants filed their Answer on January 4, 2021 (Dkt. 31), together with a motion to dismiss

6    state agency defendants (Dkt. 32). The District Court adopted this Court's recommendation the

7    motion be granted on March 15, 2021, and also permitted plaintiff limited leave to file an

8    amended complaint adjusting the list of named defendants (Dkt. 44), but plaintiff did not do so.

9    Pursuant to the case schedule entered by the Court, discovery closed on June 7, 2021 and the

10    dispositive motion cutoff was July 5, 2021. Dkt. 34.

11        On June 10, 2021, defendants brought a motion to amend their Answer to add an

12    affirmative defense that some of plaintiff's claims (which defendants had previously interpreted

13    as background allegations) were barred by the statute of limitations. Dkt. 64. Plaintiff responded

14    (Dkt. 69) and defendants filed a reply (Dkt. 76). Plaintiff's response also included a motion to

15    amend her complaint to add a new claim for denial of access to the courts. Dkt. 69; *see also* Dkt.

16    75 (duplicate motion to amend). Defendants responded (Dkt. 79) and plaintiff replied (Dkt. 82).

17    Because plaintiff's motion had not included a copy of the proposed amendments, the Court

18    required plaintiff to file her proposed fourth amended complaint and provided defendants an

19    opportunity to respond. Dkt. 90. Plaintiff filed her proposed fourth amended complaint on

20    August 16, 2021. Dkt. 99. Pursuant to this Court's order, defendants provided a supplemental

21    response to the motion to amend on September 24, 2021. Dkt. 105. Plaintiff filed a reply on

22    September 30, 2021. Dkt. 108.

23

24

ORDER ON PENDING NON-DISPOSITIVE
MOTIONS AND DECLINING TO RECONSIDER
APPOINTMENT OF COUNSEL - 3

1    Plaintiff has moved multiple times for the appointment of counsel; each time, the Court

2    found this case did not present extraordinary circumstances, was not complex, and plaintiff had

3    demonstrated an ability articulate her claims—and therefore denied the motions. Dkts. 22, 48,

4    72. On September 3, 2021, the Court requested the parties' positions on whether it would serve

5    the interests of justice to appoint counsel at this time. Dkt. 103. Plaintiff responded with a motion

6    to appoint counsel (Dkt. 104) and defendants responded, arguing appointment of counsel would

7    not be appropriate at this time (Dkt. 106).

8    Defendants filed a motion for summary judgment on July 2, 2021. Dkt. 83. On July 9,

9    2021, plaintiff filed a motion for a continuance pursuant to Fed. R. Civ. P. 56(d), arguing she has

10    had limited law library access, had only recently received additional documents from defendants

11    and was in the process of obtaining medical records from her doctors. Dkt. 86 at 3–4. Defendants

12    filed a response, arguing any extension should be of limited duration. Dkt. 89. On July 29, 2021,

13    plaintiff filed a motion for temporary restraining order, which the Court construes as a cross-

14    motion for summary judgment. Dkt. 92.

15    **DISCUSSION**

16    **A.  Plaintiff's Motion to file Fourth Amended Complaint (Dkts. 69 and 75)**

17    Plaintiff seeks leave to amend her complaint to add a new claim against defendant Mary

18    Colter for alleged denial of access to the courts. Dkt. 69. Plaintiff's proposed Fourth Amended

19    Complaint alleges defendant Colter, WCCW's medical director, "refused the right to attend the

20    law library" because plaintiff had a contagious methicillin-resistant staphylococcus aureus

21    ("MRSA") infection. Dkt. 95 at 9; *see also id*. at 20 ("The doctors refused to let me attend the

22    law library"). Defendants contend the amendment should be denied as futile, because plaintiff's

23    allegations fail to establish defendant Colter's personal participation in or causation of any denial

24

1  of access to the courts, and the actions of which plaintiff complains fall outside the three-year

2  statute of limitations and cannot relate back to plaintiff's original complaint.

3    Under Rule 15(a) of the Federal Rules of Civil Procedure, where (as here) a responsive

4  pleading has been served,

5    [A] party may amend its pleading only with the opposing party's written consent
  or the court's leave.  The court should freely give leave when justice so requires.

6  Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal and leave to amend 'shall be freely given

7  when justice so requires.'" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951

8  (9th Cir. 2006) (*quoting* Fed. R. Civ. P. 15(a)). However, leave to amend is not required if it is

9  "absolutely clear that the deficiencies of the complaint could not be cured by amendment."

10 *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (internal citations omitted). In

11 determining whether leave to amend is appropriate, the district court considers 'the presence of

12 any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'"

13 *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (*quoting Griggs v.*

14 *Pace Am. Grp., Inc.* 170 F.3d 877, 880 (9th Cir. 1999)). An amendment is futile if it adds a claim

15 that could not withstand a motion to dismiss.  *Jones v. Cmty. Redevelopment Agency of L.A.*, 733

16 F.2d 646, 650-51 (9th Cir. 1984).

17   Plaintiff alleges defendant Colter is a physician and the medical director of WCCW. Dkt.

18 95 at 3. Plaintiff makes no allegation defendant Colter has any authority over law library

19 scheduling. The proposed Fourth Amended Complaint makes a wholly conclusory allegation that

20 defendant Colter "refused [plaintiff] the right to attend the law library," but does not explain

21 what defendant Colter did or how she allegedly "refused" law library access. This is not adequate

22 to state a claim.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (court need not accept a "legal

23

24

ORDER ON PENDING NON-DISPOSITIVE
MOTIONS AND DECLINING TO RECONSIDER
APPOINTMENT OF COUNSEL - 5

1   conclusion couched as a factual allegation"; an "unadorned, the-defendant-unlawfully-harmed-
2   me accusation" is insufficient to state a claim).

3        Construing plaintiff's proposed amended complaint liberally, plaintiff appears to allege
4   defendant Colter required plaintiff to be quarantined in the prison's hospital for a three-month
5   period due to a contagious MRSA infection. Dkt. 95 at 9, 20. The quarantine, apparently,
6   prevented plaintiff from attending the law library. Dkt. 95 at 9, 20. *Id.* But even this construction
7   of plaintiff's allegations is insufficient to state a claim against defendant Colter for denial of
8   access to the courts.

9        First, while inmates have a "fundamental constitutional right of access to the courts."
10  *Bounds v. Smith*, 430 U.S. 817, 828 (1977), prisoners have no freestanding constitutional right to
11  law library access. A law library is "merely one constitutionally acceptable method to assure
12  meaningful access to the courts." *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996) (*quoting Bounds*,
13  430 U.S. at 830). The Constitution "guarantees no particular methodology but rather the
14  conferral of a capability—the capability of bringing contemplated challenges to sentences or
15  conditions of confinement before the courts . . .. [I]t is that capability, rather than the capability
16  of turning pages in a law library, that is the touchstone." *Id*. at 356–57.

17       Second, a prison regulation impinging on inmates' constitutional rights, even a right of
18  access to the courts, is valid if it is reasonably related to legitimate penological interests.  *Id*. at
19  353 (citing *Turner v. Safley*, 482 U.S. 78 (1987)). Thus, because "the Constitution does not
20  guarantee a prisoner unlimited access to a law library[,] [p]rison officials of necessity must
21  regulate the time, manner, and place in which library facilities are used." *Linquist v. Idaho State*
22  *Bd. of Corr.*, 776 F.2d 851, 858 (9th Cir. 1985).  A quarantine preventing an infected prisoner
23  from physically accessing the law library "is clearly 'reasonably related to the legitimate

24

penological interest' of preventing the spread of [a] highly infectious disease." *Medina v. Allentown Police Dep't*, No. CV 20-5734, 2021 WL 735776, at *5 (E.D. Pa. Feb. 25, 2021) (quoting *Lewis*, 518 U.S. at 361–62). Accordingly, the mere act of placing plaintiff into quarantine does not subject a medical officer to liability for denial of access to the courts.

Finally, plaintiff has not alleged defendant Colter denied plaintiff access to alternative methods of providing plaintiff legal access during the period of her quarantine—or had any authority to do so. The proposed Fourth Amended Complaint makes no allegation, for example, that defendant Colter prevented prison staff from bringing legal materials or supplies to plaintiff's cell during her quarantine. In short, there is no allegation defendant Colter personally participated in any denial of plaintiff's access to the courts. *See Arnold v. Int'l. Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (to state a § 1983 claim, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint).

Plaintiff's proposed claim against defendant Colter for denial of access to the courts is futile. Plaintiff's request to file her Fourth Amended Complaint to state such a claim is therefore denied. This case will instead proceed on plaintiff's Third Amended Complaint (Dkt. 17).

**B. Defendants' Motion to Amend Their Answer (Dkt. 64)**

Defendants Wofford, Suarez, Boyce and Colter[4] seek leave to amend their Answer to plaintiff's Third Amended Complaint to add the affirmative defense that some of plaintiff's claims are barred by the statute of limitations. Dkt. 64 at 1. Defendants argue it was not evident to them until recently that plaintiff intended to bring claims for actions occurring more than three

---

[4] The remaining defendant, Meagan Meitninger-Dunlap, who was only recently served in this matter, filed an Answer on June 7, 2021 containing the statute of limitations defense. Dkt. 67 at 6

1   years before she filed her original complaint. Dkt. 64. Plaintiff claims defendants have unduly

2   delayed their request to amend and the amendment is futile. Dkt. 69.

3        As with a motion to amend a complaint, a motion to amend an answer must be freely

4   given when justice so requires, and the court considers whether there is bad faith, undue delay,

5   prejudice to the opposing party, and/or futility.'" Fed. R. Civ. P. 15(a)(2); *Owens*, 244 F.3d at

6   712.

7        Defendants did not unduly delay in seeking to amend. Although plaintiff filed this action

8   on May 1, 2020, the Court found her complaint deficient and required multiple amendments

9   before directing service of the Third Amended Complaint on November 2, 2020. Dkt. 18.

10  Defendants contend it was not clear from Plaintiff's Third Amended Complaint that Plaintiff was

11  seeking to assert claims arising out of events occurring more than three years before she filed this

12  matter. Dkt. 64 at 2. Indeed, the Third Amended Complaint states plaintiff's Eighth Amendment

13  claims are for constitutionally inadequate post-operative medical care "from 10-17-2017 through

14  11-02-2017" and are "based on the second medical emergency called by Bishop on 10-25-17 at

15  12:40 pm." Dkt. 17 at 10. Those claims are within the three-year limitations period and are

16  timely. The complaint also attaches a two-page handwritten narrative containing a paragraph

17  discussing kites and grievances pre-dating the surgery at issue and outside of the three-year

18  limitations period (*Id*. at 21); however, defendants construed this discussion as providing

19  background information, not as asserting a claim. Dkt. 76 at 3. Once they learned, through

20  discovery, that plaintiff was also seeking damages for conduct during the earlier time period,

21  defendants sought leave to amend to add the statute of limitations defense. *Id*. In light of the lack

22  of clarity in the Third Amended Complaint, defendants' request to amend was not unduly

23  delayed.

24

1       Furthermore, plaintiff will not be prejudiced by the addition of the defense. Defendant

2  Meitninger-Dunlap—who was only recently identified and served in this matter and filed her

3  Answer on June 7, 2021—has filed an Answer stating a statute of limitations defense. Dkt. 67 at

4  6. Thus, the defense is already at issue in this case and plaintiff will not be prejudiced by its

5  assertion on behalf of the remaining defendants. Indeed, it would be an anomalous result to apply

6  a defense that is not premised upon any individual defendant's circumstances to only one of the

7  five similarly situated defendants.

8       Defendants' statute of limitations defense is not futile. An amendment is futile if it adds a

9  claim that could not withstand a motion to dismiss. *Jones v. Cmty. Redevelopment Agency of City*

10  *of Los Angeles*, 733 F.2d 646, 650–51 (9th Cir. 1984). Here, the law is clear that a three-year

11  limitations period applies to § 1983 claims in Washington. *Rose v. Rinaldi*, 654 F.2d 546, 547

12  (9th Cir. 1981); RCW 4.16.080(2).[5] Accordingly, claims premised upon acts occurring more

13  than three years before the May 1, 2020 filing of plaintiff's initial complaint are properly subject

14  to a statute of limitations defense.

15       Plaintiff asserts the defense is subject to exceptions, including equitable tolling and the

16  continuing violation doctrine. Dkt. 69 at 16, 10. Defendants contend these exceptions are

17  inapplicable and/or invalid. Dkt. 76 at 5–6. Specifically, defendants argue plaintiff has not

18  alleged bad faith, deception or false assurance inducing plaintiff to delay commencing her suit,

19  as required to establish equitable tolling. *See Brandt v. Lehman,* No. C07-5808FDB, 2008 WL

20  714099 (W.D. Wash. March 14, 2008). Defendants further contend that in light of Supreme

21  Court precedent, the Ninth Circuit has recently abandoned the continuing violation doctrine with

22

23      [5] Section 1983 does not contain a statute of limitations; therefore, federal courts apply the applicable period of limitations under state law for the jurisdiction in which the claim arose. *Rose*, 654 F.2d at 547. In Washington, the

24  applicable statute is the three-year period identified in RCW 4.16.080(2). *Id.*

1  respect to discrete acts occurring outside the limitations period. *Bird v. Dep't of Hum. Servs.*, 935

2  F.3d 738, 746 (9th Cir. 2019) (*citing Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114

3  (2002)), *cert. denied sub nom. Bird v. Hawaii*, 140 S. Ct. 899 (2020).

4       In the motion at issue here, defendants seek only leave to plead their statute of

5  limitations defense; the motion does not seek the dismissal of any claims based upon the defense.

6  Accordingly, it is premature to determine whether or not any exceptions to the statute of

7  limitations might be applicable, as the determination will depend upon the particular claims

8  alleged to be untimely. If defendants seek summary judgment of specific claims on statute of

9  limitations grounds, plaintiff is free to argue an exception applies in her response. However, for

10 purposes of determining whether defendants may assert the defense in the first place, the Court

11 finds that on the face of the pleadings, defendants' statute of limitations motion could withstand

12 a motion to dismiss and is not futile. Defendants' motion to amend their answer to assert a statute

13 of limitations defense is therefore granted.

14 **C.  Appointment of Counsel**

15      The Court requested the views of the parties on the appointment of counsel to represent

16 plaintiff. Dkt. 103. Plaintiff responded with a request that counsel be appointed for many of the

17 same reasons she has previously articulated: this case involves medical issues; plaintiff's

18 incarceration renders litigation difficult; law library access is difficult due to COVID-19-related

19 restrictions; and this case involves multiple defendants and supervisory liability issues. Dkt. 104.

20 Defendants "respectfully but ardently" oppose appointment of counsel, contending they would

21 be prejudiced by an appointment that could prompt a re-opening of discovery and a wholesale re-

22 litigation of this case—when discovery has closed and they have already filed a dispositive

23 motion. Dkt. 106.

24

ORDER ON PENDING NON-DISPOSITIVE
MOTIONS AND DECLINING TO RECONSIDER
APPOINTMENT OF COUNSEL - 10

1    This Court has, on multiple occasions, found plaintiff did not meet the requirements for

2    appointment of counsel. Dkts. 22, 48, 72. Each time, the Court found this case did not present

3    extraordinary circumstances, was not complex, and plaintiff had demonstrated an ability

4    articulate her claims—and therefore denied the motions. Dkts. 22, 48, 72. Although plaintiff

5    initially struggled to produce a sufficient complaint, she has recently demonstrated a strong

6    ability to conduct legal research and to make coherent arguments. Upon review of the parties'

7    submissions, the Court declines to reconsider its prior decisions. Instead, the Court concludes

8    the parties should have the opportunity to have the court consider their motions for summary

9    judgment. The resolution of those motions, if not dispositive of this case, may result in a

10   narrowing or refining of the issues going forward. At that time, when the contours of the case are

11   better known, the Court can re-evaluate a subsequent motion on the question of whether the

12   interest of justice would be served by the appointment of pro bono counsel.

13   **D.  Summary Judgment Motions and Request for Continuance**

14   Because the Court has granted defendants leave to assert a statute of limitations defense,

15   they should be allowed an opportunity to argue that defense in their dispositive motion, which

16   would require new briefing. The Court therefore DENIES as moot defendants' pending motion

17   for summary judgment (Dkt. 83), plaintiff's cross-motion for summary judgment (Dkt. 92) and

18   plaintiff's motion for a Fed. R. Civ. P. 56(d) continuance of defendants' summary judgment

19   motion (Dkt. 86). Instead, defendants may file an amended summary judgment motion, and

20   plaintiff may at the same time re-file her cross-motion. Both motions will be briefed in

21   accordance with the provisions of LCR 7(d)(3), with each moving party entitled to an opening

22   and a reply brief, and the non-moving party entitled to one opposition brief. The parties must

23   include all of their arguments and exhibits with their new submissions and may not incorporate

24   their prior briefing by reference.

1 | **E. Conclusion**

2 |      The Court therefore ORDERS as follows:

3 |      (1)     Plaintiff's motion to file her Fourth Amended Complaint (Dkts. 69 and 75) is

4 |             DENIED;

5 |      (2)     Defendants' motion to amend their Answer to state a statute of limitations defense

6 |             (Dkt 64) is GRANTED; defendants shall file their amended answer within seven

7 |             days of this Order;

8 |      (3)     The Court declines at this time to reconsider its prior denials of plaintiff's motions

9 |             to appoint counsel at this time; and

10 |      (4)     The parties' currently pending motion for summary judgment (Dkt. 83), cross-

11 |             motion for summary judgment (Dkt. 92) and motion for continuance (Dkt. 86) are

12 |             DENIED as moot. Within 28 days of this Order, defendants may file an amended

13 |             motion for summary judgment and plaintiff may, within 28 days of this Order, file

14 |             a cross-motion for summary judgment. The motions shall be briefed in

15 |             accordance with LCR 7(d)(3).

16 |      Dated this 29th day of October, 2021.

17 |

18 |                         David W. Christel

19 |                         United States Magistrate Judge

20 |

21 |

22 |

23 |

24 |