UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RENEE BISHOP-MCKEAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　　Defendant. | CASE NO. 3:20-CV-5416-JLR-DWC<br><br>ORDER GRANTING EXTENSION AND SETTING BRIEFING SCHEDULE |

　　　　The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Before the Court is plaintiff's motion for an extension of time to file her cross-motion for summary judgment. Dkt. 115.

　　　　The Court recently denied the parties' pending cross-motions for summary judgment as moot and permitted the parties to file amended motions on or before November 26, 2021. Dkt. 110. On December 1, 2021, plaintiff submitted a letter stating that she could not meet the deadline to file her cross-motion due to a lack of access to her legal materials. Dkt. 115. On

December 2, 2021, plaintiff filed her cross-motion. Dkt. 116. The Court therefore construes plaintiff's letter as a motion for leave to file her cross-motion after the deadline.

A court may modify a deadline for good cause. Fed. R. Civ. P. 6(b). Continuing pretrial and trial dates is within the discretion of the trial judge. *See King v. State of California*, 784 F.2d 910, 912 (9th Cir. 1986). The Court find that good cause exists to permit plaintiff's late filing and therefore GRANTS plaintiff's motion for an extension insofar as her cross motion will be deemed timely filed.

The Court notes that plaintiff's submission includes 60 pages of argument, including a response to defendants' motion for summary judgment. Dkt. 116 at 1–54.6. While the Court approves of the consolidation of the briefing on the parties' cross-motions, plaintiff's brief is overlength: pursuant to LCR 7(e)(3), summary judgment motions and responses may be 24 pages each—for a combined total of 48 pages. The Court will accept plaintiff's overlength briefing, but cautions plaintiff to be mindful of the Court's page limits (including the 12-page limit for reply memoranda) going forward.

Finally, the Court finds that the parties' cross-motions for summary judgment should be considered together, and that efficiency would be served by a consolidated briefing schedule providing for combined memoranda on the parties' motions. *See* LCR 7(k) (the court may order combined memoranda on cross-motions). The Court therefore sets forth below a schedule consolidating the remaining briefing of the parties' cross-motions, which also takes into account the upcoming holidays.

The Court therefore ORDERS as follows:

(1) Plaintiff's motion for extension (Dkt. 115) is GRANTED in that plaintiff's late-filed cross-motion for summary judgment shall be accepted;

(2) The noting date and briefing schedule on the parties' cross-motions for summary judgement is amended as follows:

    (a) On or before January 3, 2022, defendants shall file a memorandum combining their reply in support of their motion for summary judgment and a response to plaintiff's motion for summary judgment. In light of plaintiff's overlength briefing, defendants' combined memorandum may be up to 48 pages;

    (b) On or before January 7, 2022, plaintiff may file a reply in support of her cross-motion for summary judgment, which may not exceed 12 pages; and

    (c) The Clerk is directed to renote defendants' amended motion for summary judgment (Dkt. 112) and plaintiff's cross-motion for summary judgment (Dkt. 116) for January 7, 2022.

Dated this 9th day of December, 2021.

David W. Christel
United States Magistrate Judge